**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK ADAMS, III,<br>Plaintiff,<br>v.<br>PATRICK COVELLO,<br>Defendant. | No. 2:26-cv-3240-ICD-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants

which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Patrick Covello, the warden of Mule Creek State Prison, as the only defendant. ECF No. 1 at 1-2. Plaintiff alleges two claims for relief.

Plaintiff alleges generally that Defendant Covello is responsible for the conduct of correctional staff under his supervision. Id. at 3. In his first claim, Plaintiff contends that Defendant Covello failed to prevent an attack on Plaintiff by other inmates on June 21, 2026. Id. In his second claim, Plaintiff states that, due to Defendant Covello's "lack of guidance in the staff," he received inadequate medical attention following the June 21, 2026, incident. Id. at 4. Plaintiff seeks an award of $1,305,909.16 in compensatory and general damages. Id. at 6.

## II. DISCUSSION

The Court finds that, as currently pleaded, Plaintiff's complaint fails to state a claim against Defendant Covello, the prison warden.

Supervisory personnel, such as the prison warden, are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607

F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Plaintiff alleges that Defendant Covello is liable for the conduct of subordinates. Plaintiff has not, however, alleged any personal involvement of Defendant Covello, such as overt participation or implementation of some sort of constitutionally deficient policy at the prison. Plaintiff will be provided an opportunity to amend his complaint consistent with the principles outlined above.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's original complaint is dismissed with leave to amend.

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: September 17, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE